# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ANTHONY KOCK**, | Case No. 3:25-cv-00992-IM |
| Plaintiff, | **ORDER GRANTING IFP APPLICATION, DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER, AND DISMISSING COMPLAINT** |
| v. | |
| **LAKEVIEW LOAN SERVICING, LLC**; and **MR. COOPER**, | |
| Defendants. | |

Anthony Kock, Gresham, OR. Pro se.

**IMMERGUT, District Judge.**

Plaintiff Anthony Kock brings this action against Defendants Lakeview Loan Servicing, LLC, and Mr. Cooper. Plaintiff alleges that a Lakeview Loan Servicing agent promised his mother that applying for mortgage assistance would halt a pending foreclosure sale of Plaintiff's condominium, but proceeded with the sale after Plaintiff submitted the application. *See* Complaint ("Compl."), ECF 2 at 1. Plaintiff brings claims for fraudulent misrepresentation, breach of contract, breach of the implied duty of good faith and fair dealing, and a violation of Oregon's Unlawful Trade Practices Act. *Id.* at 2. Plaintiff applied for *in forma pauperis* status,

PAGE 1 – ORDER DISMISSING COMPLAINT & DENYING MOTION FOR TRO

ECF 1, and moved for a temporary restraining order halting any attempt to evict him pending resolution of this action, ECF 3.

The Court has evaluated Plaintiff's financial affidavit, finds that he has satisfied the eligibility requirements of 28 U.S.C. § 1915(a), and therefore grants his application for leave to proceed *in forma pauperis*, ECF 1 However, this Court dismisses Plaintiff's Complaint, ECF 2, for failure to state a claim upon which relief may be granted with leave to amend. Plaintiff's motion for a temporary restraining order, ECF 3, is likewise denied.

## BACKGROUND

Plaintiff resides in a condominium in Gresham, Oregon. Compl., ECF 2 at 1. Plaintiff alleges that his mother spoke with an agent of Defendants on March 25, 2025, who informed her that submitting an application for mortgage assistance would halt an ongoing foreclosure on the condominium. *Id.* In his motion for a temporary restraining order, Plaintiff explains that his "father passed away unexpectedly last March, leaving [Plaintiff] with a $216,000 mortgage debt that [Plaintiff] is unable to afford." ECF 3 at 1. Plaintiff sought additional time to complete renovations on the property and sell it to pay off the mortgage. ECF 3 at 2. Plaintiff alleges that he submitted the application, but Defendants subsequently claimed it was invalid because it was filed too close in time to a scheduled foreclosure auction. Compl., ECF 1 at 1. The foreclosure auction was scheduled for April 8, 2025. *Id.* Plaintiff states that the mortgage has "reverted back" to Defendant Lakeview Loan Servicing. *Id.* Multnomah County property records show that Lakeview Loan Servicing currently holds title to the property. *See* Deed of Trust, Doc No. 2025-021747 (recorded Apr. 14, 2025), https://perma.cc/CV68-3BRN.[1]

---

[1] *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (holding that matters of public record may be judicially noticed).

**STANDARDS**

A district court must perform a preliminary screening of an *in forma pauperis* complaint and dismiss any claims that fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (noting that § 1915(e)(2)(B) applies to individuals not in custody). To state a claim, a plaintiff must allege facts that, when accepted as true, make it plausible to infer that the defendant violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007). For fraud claims, a higher standard applies: the complaint must "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). This requires a plaintiff to identify "the who, what, when where, and how of the misconduct charged," as well as "what is false or misleading about the purportedly fraudulent statement, and why it is false." *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (cleaned up).

A temporary restraining order is an "extraordinary remedy" that should be awarded only upon a clear showing that the plaintiff is entitled to such relief. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). The party seeking relief must establish (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm absent preliminary relief, (3) that the balance of equities tips in its favor, and (4) that an injunction is in the public interest. *See id.* at 20. The party seeking the injunction bears the burden of establishing facts that prove each of the four elements. *Klein v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009).

Plaintiff is self-represented, so the Court will construe the pleadings in his favor and afford him the benefit of any doubt. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). The Court may not, however, supply essential elements of a claim that are not pled. *Pena v. Gardner*, 976 F.2d 469, 471–72 (9th Cir. 1992) (per curiam).

**DISCUSSION**

This Court first performs the required screening of Plaintiff's Complaint, then turns to his motion for a temporary restraining order.

**A. Failure to State a Claim**

Plaintiff's Complaint identifies his claims for relief as fraudulent misrepresentation, breach of contract, breach of the implied duty of good faith and fair dealing, and a violation of Oregon's Unlawful Trade Practices Act. Compl., ECF 2 at 2. This Court finds that Plaintiff has not stated a claim under any of these theories and dismisses his Complaint with leave to amend.

**1. Fraudulent Misrepresentation**

Under Oregon law, a claim for fraudulent misrepresentation requires a plaintiff to prove five elements: (1) "the defendant made a material misrepresentation that was false," (2) "the defendant did so knowing that the representation was false," (3) "the defendant intended the plaintiff to rely on the misrepresentation," (4) "the plaintiff justifiably relied on the misrepresentation," and (5) "the plaintiff was damaged as a result of that reliance." *Strawn v. Farmers Ins. Co. of Or.*, 350 Or. 336, 351–52 (2011).

Plaintiff alleges that Defendants, through their agent, misrepresented that submitting the application would halt the foreclosure process, when in truth it would not. Compl., ECF 1 at 1–2. But Plaintiff does not explain how this misrepresentation was important, that Defendants or their agent knew it was false, what action it was intended to induce him to take, or how the misrepresentation caused him injury. The Complaint only alleges that Defendants made a promise to him—that they would halt the foreclosure proceeding if Plaintiff submitted a loss-mitigation application—but that Defendants did not do so. *Id.* at 1. Under Oregon law, a claim for fraudulent misrepresentation cannot "be predicated solely upon the failure to perform a promise to do something in the future." *Pelletier v. Pelletier*, 29 Or. App. 717, 721 (1977).

At most, Plaintiff's Complaint alleges that he was induced to file the loss-mitigation application, but he does not explain how filing this application caused him any legal injury.

Plaintiff's Complaint states that he suffered an increased risk of homelessness, emotional distress, and financial hardship, ECF 2 at 1, and his motion for a temporary restraining order states that he needs additional time to complete renovations and sell the property, ECF 3 at 2. But he does not connect those alleged harms directly to the denial of the additional time, such as by claiming that he began renovations based on the promise and would not have done so otherwise. It is not clear from Plaintiff's materials that Defendants' alleged promise led him to take any action other than filing the loss-mitigation application.

### 2. Breach of Contract

Plaintiff's second claim is for breach of contract. To state a claim for breach of contract, a plaintiff must allege (1) the existence of a contract, (2) its relevant terms, (3) a breach of the contract by the defendant, and (4) damages to the plaintiff resulting from the breach. *Huskey v. Or. Dep't of Corr.*, 373 Or. 270, 275 (2025).

Plaintiff does not state a claim for breach of contract because he does not allege the existence of a contract. Under Oregon law, there "must be a consideration for every contract." *Kornbrodt v. Equitable Tr. Co.*, 137 Or. 386, 392 (1931).. Plaintiff identifies a promise that Defendants allegedly made, namely, the promise to halt the foreclosure proceedings, Compl., ECF 2 at 1, but does not explain what he promised in exchange. *Cf. Henin v. Bank of Am. Home Loan Servicing*, No. 10-cv-1500-HA, 2011 WL 1667472, at *3 (D. Or. May 3, 2011) (finding a contract where the homeowner promised to arrange a short sale of the property in exchange for a

halt to foreclosure proceedings). Without something given up by both parties, there is no contract, just a promise.[2]

### 3. Good Faith and Fair Dealing Claim

In Oregon, "[t]he law imposes a duty of good faith and fair dealing in the performance and enforcement of every contract." *Hampton Tree Farms, Inc. v. Jewett*, 320 Or. 599, 615 (1995). Plaintiff has not alleged the existence of a contract, and therefore has not shown that Defendants owed him a contractual duty of good faith and fair dealing.

### 4. Violation of Unlawful Trade Practices Act

Finally, Plaintiff alleges a breach of Oregon consumer protection laws. Compl., ECF 1 at 2. Construing his Complaint in his favor, the Court will assume this is a reference to Oregon's Unfair Trade Practices Act ("UTPA"), O.R.S. 646.608(u), and that Plaintiff is alleging a violation of O.A.R. 137-020-0805, which establishes that a loan servicer engages in an unfair trade practice by misrepresenting "any material information regarding a loan modification," O.A.R. 137-020-0805(3), or by failing "to deal with a borrower in good faith," O.A.R. 137-020-0805(6). To state a claim under the UTPA, a plaintiff must allege (1) a violation; (2) causation; (3) damages; and (4) willfulness by the defendant. *Colquitt v. Mfrs. & Traders Tr. Co.*, 144 F. Supp. 3d 1219, 1231 (D. Or. 2015). Even making these assumptions, however, Plaintiff does not state a claim because he does not explain how that violation caused him any damages. Plaintiff only alleges that he was induced to submit an application, not that submitting this application injured him.

---

[2] Promises without consideration may be enforceable on a theory of promissory estoppel. As discussed above, however, Plaintiff does not explain how he relied on the promise, so he has not asserted a promissory estoppel theory. *See Natkin & Co. v. H.D. Fowler Co.*, 128 Or. App. 311, 314 (1994) (defining the elements of promissory estoppel).

**B. Temporary Restraining Order**

Plaintiff's request for a temporary restraining order, ECF 3, is denied because there is no operative complaint. Among other factors, Plaintiff's motion requires him to establish that he is "likely to succeed on the merits" of his claims. *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008). Without a viable complaint, Plaintiff cannot show any reasonable likelihood of success on the merits. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). This denial is without prejudice to Plaintiff seeking injunctive relief, if appropriate, after he has filed a complaint that the Court determines states cognizable claims.

## CONCLUSION

For the reasons set for above, the Court GRANTS Plaintiff's motion for leave to proceed *in forma pauperis*, ECF 1, DISMISSES the Complaint, ECF 2, with leave to amend, and DENIES without prejudice the Motion for a Temporary Restraining Order, ECF 3. If Plaintiff believes he may cure these deficiencies, he may file an amended complaint on or before July 7, 2025.[3]

**IT IS SO ORDERED.**

DATED this 16th day of June, 2025.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

---

[3] Plaintiff may find it helpful to familiarize himself with the District of Oregon's resources for litigants without lawyers, which includes a "Handbook for Self-Represented Parties." *Representing Yourself*, U.S. Dist. Ct., https://ord.uscourts.gov/index.php/representing-yourself (last updated Nov. 21, 2024). He may also consult a manual prepared by the Federal Bar Association, *Representing Yourself in Federal District Court: A Handbook for Pro Se Litigants* (2019), available at https://www.fedbar.org/for-the-public/.