IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ANTHONY KOCK**, <br><br> Plaintiff, <br><br> v. <br><br> **LAKEVIEW LOAN SERVICING, LLC**; and **NATIONSTAR MORTGAGE LLC**, d/b/a **MR. COOPER**, <br><br> Defendants. | Case No. 3:25-cv-00992-IM <br><br> **ORDER DENYING *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER** |

Anthony Kock, Gresham, OR 97030. Pro se.

**IMMERGUT, District Judge.**

      Plaintiff Anthony Kock brings this action against Defendants Lakeview Loan Servicing, LLC, and Mr. Cooper. This Court previously screened Plaintiff's Amended Complaint, ECF 7, found that he stated claims for breach of contract and breach of the implied duty of good faith and fair dealing, and directed him to file paperwork to facilitate service of process on those claims. Plaintiff now moves *ex parte* for a temporary restraining order to enjoin Defendants from evicting him pending the resolution of this case. Amended Motion for Temporary Restraining

PAGE 1 – ORDER DENYING *EX PARTE* MOTION FOR TRO

Order ("TRO"), ECF 9. The Court denies Plaintiff's application for a temporary restraining order for the reasons below.

## BACKGROUND

Plaintiff resides in a condominium in Gresham, Oregon. Amended Complaint ("FAC"), ECF 7 at 1. Defendants are mortgage loan servicers who initiated a foreclosure on the condominium. *See id.* Plaintiff alleges that an oral contract was formed to delay foreclosure proceedings, but that Defendants breached that contract and proceeded with foreclosure. *Id.*

Plaintiff filed his initial complaint on June 10, 2025, seeking damages and injunctive relief. *See* Complaint, ECF 1. This Court dismissed Plaintiff's initial complaint for failure to state a claim with leave to amend. ECF 6. Plaintiff filed an Amended Complaint that this Court found adequately alleged the existence of a contract based on promissory estoppel and allowed him to proceed with his breach of contract claims. Order Screening Complaint, ECF 8. Plaintiff now seeks a temporary restraining order to enjoin Defendants from proceeding with or enforcing any eviction or sheriff's lockout of Plaintiff from the condominium. TRO, ECF 9.

## STANDARDS

Federal Rule of Civil Procedure 65(b)(1) provides that a court may issue a temporary restraining order without notice to the adverse party only if specific facts "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard," and the movant provides a written certification of "any efforts made to give notice and the reasons why it should not be required." *Ex parte* temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974). There are "very few

circumstances justifying the issuance of an ex parte TRO." *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006).

## DISCUSSION

This Court cannot reach the merits of Plaintiff's motion because he has not complied with the requirements of Rule 65(b)(1). Plaintiff has not provided specific facts that clearly show imminent and irreparable injury will result before Defendants may be heard. This Court recognizes that the loss of one's home may constitute irreparable harm. *Sundance Land Corp. v. Cmty. First Sav. & Loan Ass'n*, 840 F.2d 653, 661 (9th Cir. 1988). But while Plaintiff states that he has "received notice that a Sheriff's lockout is imminent," he does not present evidence showing that it is so imminent that he will be "irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995).

Plaintiff also does not identify any efforts to give notice to Defendants or provide an explanation of why notice should not be required, such as an inability to identify or locate Defendants. *Reno Air Racing Ass'n*, 452 F.3d at 1131. Defendants have not yet appeared, and a review of the entire record does not show any attempt by Plaintiff to put them on notice of this action. Plaintiff's Complaint refers to multiple phone calls with Defendants, showing that he is at least aware of their contact information and could have provided them with notice.[1]

Plaintiff's motion also requests that this Court issue an order to show cause as to why a preliminary injunction should not issue. Federal Rule of Civil Procedure 65(a)(1) prohibits a

---

[1] This Court cautions Plaintiff at this point that "speaking with a representative who answers a Defendant's general customer service hotline is not sufficient to meet the notice requirements of Rule 65(a)." *Murphy v. U.S. Bank N.A.*, No. EDCV 19-636, 2019 WL 1777294, at *3 (C.D. Cal. Apr. 23, 2019).

court from issuing a preliminary injunction without notice to the adverse party. The Court therefore denies this request as premature at this stage of the case.

This Court appreciates that Plaintiff is proceeding pro se and may not be familiar with the applicable federal rules. But pro se litigants are nonetheless "bound by the rules of procedure," *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995), and Rule 65's requirements are critically important; "our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods*, 415 U.S. at 438–39. Plaintiff's failure to satisfy the requirements of Rule 65(b) warrants the denial of his motion, with leave to re-file.[2]

As this Court explained in its prior order, ECF 8, a plaintiff proceeding *in forma pauperis* must "provide[] the necessary information to help effectuate service." *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). If a plaintiff does so, he is entitled to rely on the U.S. Marshals Service to effect service on his behalf. *Id.* If Plaintiff wants to proceed with this case, he must: (1) prepare an original summons for Defendants and submit it to the Clerk of Court for issuance; (2) provide to the Clerk of Court the original and sufficient service copies of the summons and Amended Complaint for service upon Defendants; and (3) complete the U.S. Marshals Service Form (USM285) for Defendants and submit it to the Clerk of Court. Plaintiff may request and obtain summons and USM285 forms from the Clerk of Court's office.

---

[2] Plaintiff may find it helpful to familiarize himself with the District of Oregon's resources for litigants without lawyers, which includes a "Handbook for Self-Represented Parties." Representing Yourself, U.S. Dist. Ct., https://ord.uscourts.gov/index.php/representing-yourself (last updated Nov. 21, 2024). He may also consult a manual prepared by the Federal Bar Association, *Representing Yourself in Federal District Court: A Handbook for Pro Se Litigants* (2019), available at https://www.fedbar.org/for-the-public/.

## CONCLUSION

Plaintiff's motion for a temporary restraining order, ECF 9, is DENIED without prejudice and with leave to re-file in conformance with all applicable rules, particularly those governing notice to Defendants.

**IT IS SO ORDERED.**

DATED this 3rd day of July, 2025.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge